UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | CRIMINAL NO. H-17-422-17(S) |
| FRANSCISO ENRIQUEZ | § | |

### UNITED STATES' NOTICE OF INTENT TO USE EXPERT WITNESS PURSUANT TO RULE 16 (a)(1)(G)

The United States of America, by and through its United States Attorney for the Southern District of Texas, Jennifer B. Lowery, and Assistant United States Attorney, Eric D. Smith, hereby give notice of intent to use the following expert witnesses during trial of this cause pursuant to Rule 16 (a)(1)(G), Fed.R.Evid:

**1. Charity Foreman, Senior Forensic Chemist, Ph.D, Drug Enforcement Administration (DEA):**

Senior Forensic Chemist Charity Foreman is a Forensic Chemist in the Drug Enforcement Administration's South Central Laboratory in Dallas, Texas. Doctor Foreman performed scientific analysis on suspected narcotics seized in this investigation. Dr. Foreman's report has previously been provided in discovery.  Further, Dr. Foreman's curriculum vitae is attached hereto as United States Exhibit 1.
.
Dr. Foreman has been permitted to provide expert opinion in her field in the Southern, Eastern and Western District Courts of Texas and will be asked to do so in this case.  Specifically, Dr. Foreman will set forth her credentials and will explain to the jury how she reached the findings and conclusions set forth in her report.  Dr. Foreman will also detail the process by which exhibits are received and analyzed at her lab, and what

measures are taken to assure that no contamination occurs.

2. **<u>Law Enforcement Officials</u>:**

During trial of this cause, a plethora of experienced law enforcement officials will be asked to testify regarding this drug trafficking investigation.[1] As relevant, the United States anticipates asking these officers to provide to the jury general information about Marijuana and/or Cocaine in an effort to educate those jury members who know little about these dangerous drugs. Specifically, the United States anticipates that this testimony will include a discussion regarding what these drugs are, how they are used, their trafficking patterns, and how each drug is priced, cut and packaged. In addition, these officers may be asked to relate standard practices frequently utilized by drug traffickers to avoid detection by law enforcement officials; the hiding of narcotics proceeds; the use of cellular telephones to further the conspiracy; the "fronting" of illegal drugs; the use of "code" words; how drug trafficking organizations are structured; and the different roles individuals play within these organizations to get the drugs from the distributors to the users.

This proposed testimony is relevant because the defendant is charged with conspiracy to traffic in controlled substances (Marijuana). Since narcotics trafficking is not an area widely known to the average citizen, specialized knowledge will assist the jury in understanding the evidence and determining the issues in this case. See: *United States v. Washington,* 44 F.3d 1271, 1283 (5th Cir.), *cert. denied*, 514 U.S. 1132 (1995).

In fact, courts in the Fifth Circuit and elsewhere have permitted expert testimony from agents:

>1) Concerning what constitutes a distributable as opposed to personal use quantity of narcotics, *United States v.*

---

[1] This includes, but is not limited to: Special Agents Rene Gonzalez, and Leon Pauley of the Drug Enforcement Administration. This also includes Special Agent Natt Otterson of the Homeland Security Investigations and Former Task Force Officer Manuel Marroquin of the Starr County High Intensity Drug Trafficking Area.

*Garcia,* 86 F.3d 394, 399-400 (5th Cir. 1996), *cert. denied sub nom., Vivas-Garcia v. United States,* 117 S.Ct. 752 (1997); *United States v. Speer,* 30 F.3d 605 (5th Cir.), *cert. denied* 513 U.S. 1098 (1995);

2) Regarding the "tools of the trade" for narcotics trafficking including scales, *United States v. Monu,* 782 F.2d 1209, 1210-11 (4th Cir. 1986); plastic baggies, *United States v. Navarro,* 90 F.3d 1245, 1259-60 (7th Cir. 1996); and other drug paraphernalia used in drug distribution, *Id.;*

3) Setting forth street pricing/value of illegal drugs, *United States v. Jones,* 44 F.3d 860 (10th Cir. 1995).

4) Explaining the jargon or code words used by drug traffickers to conceal their illegal activity from outsiders, *See: United States v. Simmons,* 923 F.2d 934, 936 (2nd Cir.) *cert. denied,* 500 U.S. 919 (1991), cited and discussed with approval in *United States v. Griffith,* 118 F.3d 318 (5th Cir. 1997); and

5) Relating and explaining the various roles played by the defendants in a drug trafficking conspiracy, *United States v. Theodoropoulous*, 866 F.2d 587, 591 (3rd Cir. 1989); *United States v. Kinsey*, 843 F.2d 383, 837-89 (9th Cir.), *cert. denied,* 487 U.S. 1223 (1988).

Respectfully submitted this 18th day of February 2022.

                JENNIFER B. LOWERY
                United States Attorney

By:   *Eric D. Smith*
       Eric D. Smith
       Assistant United States Attorney
       (713) 567-9307

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing United States' Notice of Intent to Use Expert Witnesses pursuant to Rule 16(a)(1)(G) was forwarded/emailed to counsel for the defendant on this 18th day of February 2022.

                                       *Eric D. Smith*
                                       Eric D. Smith
                                       Assistant United States Attorney
                                       (713) 567-9307

Alexander Alan Brown, III
Attorney for Francisco Enriquez
222 Main Plaza E
San Antonio, Texas 78205
(210) 742-2503 (telephone)
(210) 225-2481 (fax)
efiles@brownandnorton.com